Bonnie MacNaughton (CA State Bar No. 107402)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, 33rd Floor
Seattle, Washington 98104-1610
Telephone:  (206) 662-3150
Facsimile:  (206) 757-7700
Email: bonniemacnaughton@dwt.com

Attorneys for Meta Platforms, Inc.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| META PLATFORMS, INC., a Delaware Corporation, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| DANIEL FOLGER, | |
| Defendant. | |

COMPLAINT

Plaintiff Meta Platforms, Inc. ("Meta") alleges the following:

## I. INTRODUCTION

1. Since no later than April 2022 and continuing to at least February 2025, Defendant Daniel Folger sold Instagram usernames and unauthorized Instagram account reinstatement services. Defendant's account reinstatement service was intended to circumvent enforcement actions taken by Meta in response to users who violated the Instagram Terms of Use ("Terms") and other rules that govern access to and use of Instagram, including Instagram's Community Guidelines (collectively, "Instagram Terms and Policies").

2. On March 28, 2023, in an effort to stop Defendant's unlawful conduct, Meta sent a cease-and-desist letter to Defendant, revoked his license to access Facebook and Instagram, and disabled his user accounts. Subsequently, Defendant created and used new Instagram accounts and continued to offer for sale Instagram usernames and Instagram account reinstatement services.

3. Defendant's conduct was not authorized by Meta and violates the Instagram Terms, as well as the California Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502 (the "CDAFA"). Accordingly, Meta brings this action for damages and injunctive relief.

## II. PARTIES

4. Plaintiff Meta is a Delaware corporation with its principal place of business in Menlo Park, San Mateo County, California.

5. Defendant Daniel Folger is a resident of Henderson, Nevada. Between April 2022 and at least February 2025, Folger violated the Terms by offering for sale and selling Instagram usernames and unauthorized Instagram account reinstatement services.

**Figure 1: Photo of Daniel Folger from His Personal Website https://danfolger.io/about-dan**



### III.     JURISDICTION AND VENUE

6. The Court has jurisdiction over all the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1332 because complete diversity between Meta and Defendant exists and because the amount in controversy exceeds $75,000.

7. The Court has personal jurisdiction over Defendant because Defendant created, controlled, and used multiple Instagram accounts and thereby had notice of and agreed to the Terms which contains a forum selection clause that requires Defendant to submit to the personal jurisdiction of the United States District Court for the Northern District of California or a state court located in San Mateo County.

8. The Court also has personal jurisdiction because Defendant knowingly directed and targeted his conduct at Meta—which has its principal place of business in California. Defendant provided unauthorized account reinstatement services by conspiring with at least one Meta contractor located in California. Defendant also transacted business and engaged in commerce in

2
COMPLAINT

California at least by selling unauthorized account reinstatement services to one or more customers located in California. Plaintiff's claims arise directly from and relate to these California contacts.

9. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) as the threatened and actual harm to Meta occurred in this District. Additionally, by agreeing to the forum selection clause, Defendant agreed that venue in this Court is proper.

10. Pursuant to Civil L.R. 3-2(c), this case may be assigned to either the San Francisco or Oakland division because Meta is located in San Mateo County.

## IV.    FACTUAL ALLEGATIONS

### A.    Background on Meta Products

11. Meta owns and operates Instagram, which is a free photo and video sharing service, website, and mobile application. Instagram users can upload photos and videos to Instagram and share them with others. They can also view, comment, and like posts shared by others on Instagram.

12. Meta also owns and operates Facebook, which is an online service that is available on computers and mobile devices which helps give people the power to build community, share life's moments and discuss what's happening, and discover and connect to interests through Feed, Reels, Stories, Groups, Marketplace, and more.

13. Meta also owns WhatsApp, an encrypted communication service available on mobile devices and desktop computers. WhatsApp relies on Meta's infrastructure such as servers to support people around the world with fast and reliable services.

### B.    Instagram's Terms

14. Everyone who creates an account or uses Instagram must agree to Instagram's Terms and therefore has notice of the Terms.

15. The Terms prohibit users from doing "anything unlawful, misleading, or fraudulent or for an illegal or unauthorized purpose."

16. The Terms prohibit users from "sell[ing], licens[ing], or purchas[ing] any account or data obtained from [Meta] or [Instagram]," including "attempts to buy, sell, or transfer any aspect of your account (including your username); solicit, collect, or use login credentials or

3
COMPLAINT

badges of other users; or request or collect Instagram usernames, passwords, or misappropriate access tokens."

17. The Terms prohibit users from "misusing any reporting, dispute, or appeals channel, such as by making fraudulent or groundless reports or appeals."

18. The Terms prohibit users from doing "anything to interfere with or impair the intended operation of [Instagram]."

19. The Terms state that a person cannot use Instagram if Meta has previously disabled the user's account for violating any of Meta's policies.

**C.  Defendant Agreed to the Instagram Terms**

20. At all relevant times, Defendant had notice of and was bound by the Terms.

21. Between July 4, 2011, and January 9, 2024, Defendant created, controlled, and used multiple Instagram accounts including:

    a. Defendant created an Instagram account on July 4, 2011, with the username "danfolger."

    b. Defendant created an Instagram account on July 27, 2022, with the username "itsdanfolger."

    c. Defendant created an Instagram account on July 24, 2023, with the username "isellcelebs."

    d. Defendant created an Instagram account on January 9, 2024, with the username "itsdannyboy2x."

22. Additionally, Defendant controlled and used an Instagram account with the username "highscaleclub" starting on or before February 28, 2024, and continuing to about March 20, 2024, when Meta disabled the account.

23. Defendant also controlled and used an Instagram account with the username "thagoodpeople" starting no later than September 26, 2024, and continuing to about February 11, 2025, when Meta disabled the account.

4

COMPLAINT

24. Defendant also controlled and used an Instagram account with the username "puffsla," which he later changed to "thagoodpeople2.0," starting no later than April 25, 2024, and continuing to about February 12, 2025, when Meta disabled the account.

**D.  Meta's Enforcement Measures**

25. Meta has a variety of measures and tools in place to enforce the Terms and Policies.

26. **Content Removal:** Meta uses technology and human review teams to detect and review potentially violating content and accounts on Instagram. Meta's technology is used to proactively detect and remove violating content from Instagram and send potentially violating content to review teams to check it and take appropriate enforcement action as needed. If Meta determines that an Instagram user has violated the Terms and Policies, the Terms give Meta the right to "remove or restrict any content or information you share on the Service."

27. **Account Access Restriction and Termination:** The Terms give Meta the right to "terminat[e] or disabl[e] your access to [Instagram] to protect [Meta's] community or services." Meta may also restrict certain Instagram features if it appears that an account is not following the Terms and Policies.

28. **Appeal Channels:** If Meta disables or restricts an Instagram account and the user believes the enforcement was by mistake, the user may appeal Meta's enforcement. Users whose accounts are disabled will automatically receive instructions about how to appeal the enforcement the next time they attempt to access their Instagram account. Users whose accounts are restricted can appeal those restrictions in the Instagram App using the Account Status tool. Meta also has an internal appeal channel for its employees and certain contractors to request assistance with their own accounts or accounts belonging to their family and friends ("Internal Appeal Channel"). The Terms prohibit users from misusing all appeal and reporting channels. Only Meta is authorized to reinstate accounts or account access or lift account restrictions after an enforcement.

**E.  Defendant Offered for Sale and Sold Instagram Usernames in Violation of the Instagram Terms**

29. Beginning no later than August 2022 and continuing until at least February 2025, Defendant violated the Instagram Terms by offering for sale and selling Instagram usernames.

5
COMPLAINT

30. Defendant used at least one of his Instagram accounts to create multiple posts promoting his ability to obtain and sell Instagram usernames, which Defendant sometimes referred to as "@s." In his Instagram posts, Defendant stated that he was "the king" of Instagram username sales and told prospective customers to message him directly (which Defendant abbreviated as "DM") if they wanted to purchase an Instagram username.

31. For example, on August 26, 2022, Defendant created or caused to be created an Instagram post on Instagram account @danfolger that promoted the sale of Instagram usernames. More specifically, as shown in Figure 2, Folger stated that he previously "secure[ed] instagram @s" for his customers and told prospective customers to message him "if [they] need any instagram @s."

**Figure 2: Defendant's August 26, 2022 Post on his "danfolger" Instagram Account**



32. Defendant also offered to sell specific Instagram usernames for prices ranging from about $700 to at least $50,000. For example, as shown in Figure 3, on or about September 15, 2023, Defendant created or caused to be created an Instagram post on Instagram account @isellcelebs that offered 19 Instagram usernames for sale, including @hurricane, @salon, and @has. Defendant blacked out the prices of the usernames but instructed interested customers to "DM me."

7

COMPLAINT

**Figure 3: Defendant's September 15, 2023 Post on his @isellcelebs Instagram Account**

[Screenshot of a Google Docs spreadsheet showing a list of Instagram usernames for sale, with prices obscured by black scribbles. Usernames visible: hurricane, salon, unitedkingdom, fatass, has, kickass, beep, equality, gymlife, lez, 1234567, cincinnati, democracy, followforfollow, geology, geometry, lieutenant, newhampshire, orchestra. Caption overlay: "Ton of generic usernames for sale DM ME"]

33. Defendant also used his @danfolger Telegram profile to promote his ability to obtain Instagram usernames for his customers.

34. In or around December 2022, Defendant sold the Instagram username "pnbnation" to a customer for approximately $3,000. Meta subsequently disabled the @pnbnation Instagram account.

**F.   Defendant Offered for Sale and Sold Unauthorized Instagram Account Reinstatement Services in Violation of the Instagram Terms**

35. Beginning no later than April 2022 and continuing until at least February 2025, Defendant offered for sale and sold unauthorized Instagram account reinstatement services for disabled or otherwise restricted Instagram accounts.

36. Between at least July 2022 and January 2025, Defendant created multiple posts on Instagram and Telegram promoting his unauthorized Instagram account services.

37. On Instagram Defendant promoted his ability to circumvent Meta's enforcement actions saying that he can "bring[] back disabled instagram accounts," "bring back Instagrams from the dead," and lift restrictions from Instagram accounts by "unshadow ban[ning]" them. For a "one time payment" Defendant also offered to "whitelist any [Instagram] account to be safe from any takedowns." Defendant instructed his customers to contact him on Instagram to request his services.

38. For example, as shown in Figure 4 below, on or about September 16, 2023, using his "isellcelebs" Instagram account, Defendant created or caused to be created an Instagram post stating "If your IG has been taken down hit me[.] They coming [sic] back quick."

**Figure 4: Defendant's September 16, 2023 Post on his @isellcelebs Instagram Account**



39.     On or about April 18, 2022, Meta disabled an Instagram account (Account A) for violating Instagram's Terms and Policies.  After requesting and receiving the username and password for Account A, Defendant conspired with a Meta contractor to misuse the internal Meta appeal channel in order to circumvent Meta's enforcement action and reinstate Account A.  Specifically, on or about July 22, 2022, at Defendant's direction, the Meta contractor submitted a deceptive and misleading request on Defendant's customer's behalf to the Meta Internal Appeal Channel.  Because of Defendant's agent's false and misleading request, Meta reinstated Account A on or about July 23, 2022.  Meta subsequently terminated the Meta contractor for misusing access to the Internal Appeal Channel.

**G.     Meta's Enforcement Actions Against Defendant**

40.     On or about March 28, 2023, Meta sent a cease-and-desist letter to Defendant for violating the Terms (Ex. A) and disabled multiple Facebook and Instagram accounts associated with Defendant.

41.     In the cease-and-desist letter, Meta provided the URL where the Instagram Terms can be viewed and demanded that Defendant stop violating them, including by offering and selling unauthorized Instagram account services and Instagram usernames.  The letter also informed Defendant that Meta had revoked his license to access Facebook and Instagram and that Defendant was no longer authorized to access Facebook or Instagram "for any reason whatsoever."  Ex. A.

42.     Beginning on or about July 24, 2023, after Meta revoked Defendant's access to use Instagram, Defendant created a new Instagram user account with the username "isellcelebs," and resumed offering violating services, including unauthorized Instagram account services and Instagram usernames.  Meta disabled Defendant's "isellcelebs" Instagram account on or about January 9, 2024.  Later that same day, Defendant created another Instagram account with the username "itsdannyboy2x."  Meta disabled Defendant's "itsdannyboy2x" Instagram account on or about May 16, 2024.

43.     Additionally, on or before February 28, 2024, Defendant obtained control over an Instagram account with the username "highscaleclub."  Defendant used the "highscaleclub" account to continue offering violating services until at least March 18, 2024.  Meta disabled Defendant's "highscaleclub"' Instagram account on or about March 20, 2024.

44.     Additionally, on or before September 26, 2024, Defendant obtained control over an Instagram account with the username "thagoodpeople."  Defendant used the "thagoodpeople" account to continue offering violating services until at least January 21, 2025.  Meta disabled Defendant's "thagoodpeople" Instagram account on or about February 11, 2025.

45.     Additionally, on or before April 25, 2024, Defendant obtained control over an Instagram account with the username "Puffsla."  On February 11, 2025 Defendant changed the name of the account from "Puffsla" to "thagoodpeople2.0."  Defendant used this Instagram account to continue offering violating services at least between January 21, 2025, and February 12,

2025. Meta disabled Defendant's "thagoodpeople2.0" Instagram account on or about February 12, 2025.

46. In total, Plaintiff has disabled more than 17 Facebook and Instagram accounts and Pages associated with Defendant.

**FIRST CAUSE OF ACTION**
(Breach of Contract)

47. Meta realleges and incorporates all preceding paragraphs here.

48. Since no later than July 4, 2011, Defendant created and used multiple Instagram accounts, thereby receiving notice of and agreeing to the Instagram Terms.

49. The Terms constitute a valid and enforceable agreement between Defendant and Meta.

50. Meta has performed all conditions, covenants, and promises required of it in accordance with the Terms by providing the Instagram service.

51. The Terms prohibit users from (1) doing "anything unlawful, misleading, or fraudulent or for an illegal or unauthorized purpose"; (2) "misusing any reporting, dispute, or appeals channel, such as by making fraudulent or groundless reports or appeals"; (3) "solicit[ing], collect[ing], or us[ing] login credentials or badges of other users; or request[ing] or collect[ing] Instagram usernames [or] passwords"; (4) "sell[ing], licens[ing], or purchas[ing] any account or data obtained from [Meta] or [Instagram]," including "attempts to buy, sell, or transfer any aspect of your account (including your username)"; and (5) doing "anything to interfere with or impair the intended operation of [Instagram]." Defendant has breached these Terms by offering for sale and selling Instagram usernames; reinstating disabled or otherwise restricted Instagram user accounts; misusing Meta appeal channels; and collecting and using Instagram users' usernames and passwords in furtherance of his scheme.

52. The Terms also prohibit someone from using Instagram if Meta has previously disabled that person's user account for violating any of Meta's Terms and Policies. Defendant breached this Term by creating multiple new Instagram accounts and continuing to use Instagram

12
COMPLAINT

after March 28, 2023, when Meta disabled Defendant's Instagram accounts and sent Defendant a cease-and-desist letter informing him that he was no longer authorized to access Instagram.

53. Defendant's breaches have caused Meta to incur damages, including damages attributable to the efforts and resources it used to investigate and remediate Defendant's conduct, in an amount to be proven at trial.

54. Meta likewise seeks injunctive relief. As a direct result of Defendant's unlawful actions, Meta has suffered irreparable harm for which there is no adequate remedy at law and which will continue unless Defendant's actions are enjoined.

55. Defendant's acts as alleged herein also constitute unjust enrichment of Defendant at Meta's expense. Defendant received a benefit and profited by violating Instagram's Terms and Policies. But for Defendant's violations of the Instagram Terms and Policies, he would not have obtained such profits. Defendant's retention of the profits derived from his breach of contract would be unjust. Meta seeks an accounting and disgorgement of Defendant's ill-gotten profits in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
(Computer Data Access and Fraud Act, California Penal Code § 502)

56. Meta realleges and incorporates all preceding paragraphs here.

57. Defendant violated California Penal Code § 502.

58. Defendant knowingly and without permission used or caused to be used Meta's computer services, as defined by Penal Code § 502(b)(4), in violation of Penal Code § 502(c)(3) by accessing and using Instagram to promote his unauthorized services after Meta sent a cease and desist letter and revoked Defendant's access to Instagram on March 28, 2023.

59. Defendant knowingly and without permission accessed Meta's computers, computer systems, and computer networks, including those located in California, in violation of California Penal Code § 502(c)(7). Defendant accessed Meta's computers, computer systems, and computer network, including to promote his unauthorized services, after Meta sent a cease and desist letter to Defendant and revoked Defendant's access to Instagram on March 28, 2023.

13
COMPLAINT

60. Defendant's access and use of Instagram was without permission because Meta revoked Defendant's access to Instagram and sent a cease-and-desist letter to Defendant on March 28, 2023.

61. Defendant's actions caused Meta to incur losses and damages, including among other things the expenditure of resources to investigate and remediate Defendant's conduct. Because Meta suffered damages and a loss as a result of Defendant's actions and continues to suffer damages as a result of Defendant's actions, Meta is entitled to compensatory damages, attorneys' fees, and any other amount of damages proven at trial, as well as injunctive relief under California Penal Code § 502(e)(1) and (2).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests a judgment against Defendant as follows:

1. That the Court enter judgment against Defendant that Defendant has:

   a. Breached his contracts with Meta, in violation of California law;

   b. Violated the California Comprehensive Computer Data Access and Fraud Act, in violation of California Penal Code § 502;

2. That the Court enter a permanent injunction enjoining and restraining Defendant and his agents, servants, employees, successors, and assigns, and all other persons acting in concert or conspiring with him or who are affiliated with Defendant from:

   a. Accessing, attempting to access, and using Meta's services, platforms, and computer systems, including Instagram, Facebook, and WhatsApp, for any purpose whatsoever;

   b. Creating or maintaining any Instagram accounts in violation of the Instagram Terms of Use;

   c. Engaging in any activity or facilitating others to do the same that violates the Instagram Terms of Use;

   d. Soliciting third parties to access Meta's platforms and computer systems on Defendant's behalf;

    e. Engaging in any activity that disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of Meta's computers, computer system, and computer network or service;

    f. Engaging in activity that violates the California Comprehensive Computer Data Access and Fraud Act (California Penal Code § 502);

  3. That Meta be awarded damages including but not limited to compensatory, statutory, and punitive damages, and an accounting and disgorgement of profits, as permitted by law and in such amounts to be proven at trial;

  4. That Meta be awarded its reasonable costs including reasonable attorneys' fees;

  5. Pre- and post-judgment interest as allowed by law; and

  6. All other equitable and legal relief the Court deems just and proper.

**PLAINTIFF RESPECTFULLY DEMANDS A JURY TRIAL.**

DATED: February 18, 2025        Respectfully submitted,

                DAVIS WRIGHT TREMAINE LLP
                BONNIE MACNAUGHTON

                By: */s/ Bonnie MacNaughton*
                   Bonnie MacNaughton

                Attorneys for Meta Platforms, Inc.

15
COMPLAINT

# EXHIBIT A

**PerkinsCoie**

1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

T +1.206.359.8000
F +1.206.359.9000
PerkinsCoie.com

VIA EMAIL

Catherine M. del Fierro
CdelFierro@perkinscoie.com
D. +1.206.359.3507

March 28, 2023

Daniel Wolfegang Folger
6 Rue Du Ville Way
Henderson, NV 89011-2200
danfolgerphoto@gmail.com
danfolgerbusiness@gmail.com

Re:   Cease and Desist Abuse of Meta - Folger

Dear Mr. Folger:

We represent Meta Platforms, Inc. ("Meta") based in Menlo Park, California. Meta operates, among other products, Facebook and Instagram. Meta has gathered evidence that you are abusing Instagram. Specifically, you are promoting and facilitating unauthorized account support servies such as reenabling access to disabled Instagram accounts, thereby circumventing Meta's enforcement decisions, as well as offering to sell and selling Instagram usernames for a profit. These activities violate Meta's Terms of Service and Instagram's Terms of Use.

**Meta demands that you stop all actions in connection with this abuse.**

Meta takes the protection of the user experience very seriously, and it is committed to keeping its products safe for users to interact and share information. It has developed terms and policies to protect the user experience and facilitate these goals.

Meta's Terms of Service and Instagram's Terms of Use prohibit, among other things:

- Interfering with or impairing the intended operation of Facebook and Instagram, including but not limited to, misusing any reporting, dispute, or appeals channel, and circumventing Meta's technical enforcement measures;

- Selling, licensing, or purchasing an Instagram account or account privileges;

- Doing anything unlawful, misleading, or fraudulent or for an illegal or unauthorized purpose; and

161620497.1
Perkins Coie LLP

Page 2

- Facilitating or encouraging others to violate Meta's Terms of Service or Instagram's Terms of Use.

*See* Instagram Terms of Use, http://instagram.com/about/legal/terms/; Meta Terms of Service, https://www.facebook.com/terms.php.

Because you have breached Meta's Terms of Service and Instagram's Terms of Use, Meta has taken technical steps to deactivate your Facebook and Instagram accounts, and hereby revokes your limited licenses to access Facebook and Instagram.  **This means that you, your agents, employees, affiliates, or anyone acting on your behalf ("You" or "Your") may not access the Facebook or Instagram websites, mobile applications, Platforms, services, or networks for any reason whatsoever.**  Meta will treat any further activity by You on its websites, mobile applications, Platforms, services or networks as intentional and unauthorized access to its protected computer networks.

**Please respond to me <u>WITHIN 48 hours</u> confirming that You:**

- Have stopped and will not in the future access the Facebook and Instagram websites and/or use Facebook's and Instagram's services for any reason whatsoever;

- Have preserved and will continue to preserve in the future all information related to the activities described herein;

- Have stopped and will not in the future offer, transfer, market, sell or offer to sell any services related to Facebook or Instagram;

- Will account for and disgorge any and all revenue earned from Your unauthorized activities related to Facebook or Instagram;

- Will, following the accounting required below, **and only after receiving explicit instruction from me**, delete all data obtained from Facebook and Instagram; and

- Will enter into a written agreement memorializing Your commitment to compliance with the demands in this letter.

Page 3

**Along with Your response, You must provide the following information:**

- A complete list of any and all Facebook and Instagram accounts You have created, accessed, developed, maintained, or controlled;

- A detailed description of the methods You used to provide, directly or indirectly, Facebook or Instagram account reinstatement services, Facebook or Instagram usernames, or any other services relating to Facebook or Instagram;

- A complete list of each and every customer to whom you have sold or facilitated services relating to Facebook or Instagram;

- An accounting of all compensation or revenue you received in connection with such services;

- A complete list of individuals involved in Your activities, including contact information; and

- A complete accounting of all Facebook and Instagram data that You obtained from Facebook or Instagram.

If you ignore this letter and continue your current improper conduct, Meta will take whatever measures it believes are necessary to enforce its rights, maintain the quality of its websites, and protect users' information and privacy.

This letter is not intended by us, and should not be construed by you, as a waiver or relinquishment of any of Meta's rights or remedies in this matter. Meta specifically reserves all such rights and remedies whether at law or in equity, under applicable domestic and foreign laws.

Sincerely,

*Catherine M. del Fierro*

Catherine M. del Fierro