| | |
|---|---|
| 1 | MICHAEL V. CRISTALLI, ESQ.<br>Nevada Bar No. 6266 (*Pro Hac Vice Pending*) |
| 2 | WILLIAM D. SCHULLER, ESQ.<br>Nevada Bar No. 11271 (*Pro Hac Vice Pending*) |
| 3 | TIFFANY B. HUNTER, ESQ.<br>CA State Bar No. 306382 |
| 4 | **CLARK HILL LLP**<br>555 S. Flower St., Ste. 2400 |
| 5 | Los Angeles, CA 90071-2305<br>Telephone: (213) 417-5313 |
| 6 | Facsimile: (213) 488-1178<br>Email : thunter@clarkhill.com |
| 7 | |
| 8 | Attorneys for Defendant,<br>DANIEL FOLGER |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

* * *

| | |
|---|---|
| META PLATFORMS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL FOLGER,<br><br>Defendant. | CASE NO. 3:25-cv-01672-LB<br><br>**MOTION TO DISMISS COMPLAINT**<br><br>**Hearing Date: May 15, 2025**<br>**Hearing Time: 9:30 a.m.**<br>**Courtroom: B, 15th Floor**<br>**Judge: Hon. Laurel Beeler** |

///

///

///

# NOTICE OF MOTION

TO ALL PARTIES AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the following Motion to Dismiss Complaint will be heard on May 15, 2025, at 9:30 a.m., or as soon thereafter as counsel may be heard, in Courtroom B, 15th Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, with the Honorable Laurel Beeler presiding.

Defendant DANIEL FOLGER ("Folger") will and hereby does move the Court pursuant to FRCP 12(b)(1) for an order dismissing the Complaint [ECF No. 1] with prejudice because any amendment would be futile. The Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities contained herein, the attached Declaration of Michael V. Cristalli, Esq. ("Cristalli Declaration"), exhibits hereto, all pleadings and other papers on file in this action, and any other evidence or argument that may be presented to the Court in connection with the Motion.

# STATEMENT OF ISSUES

1. Whether the Court lacks subject matter jurisdiction to hear this case and the Complaint should therefore be dismissed under FRCP 12(b)(1)?

2. Whether the Complaint should be dismissed with prejudice because amendment would be futile?

DATED this 7th day of April 2025.

                                                        **CLARK HILL LLP**

                                                        By /s/ Tiffany B. Hunter
                                                            TIFFANY B. HUNTER, ESQ.
                                                            CA State Bar No. 306382
                                                           555 S. Flower St., Ste. 2400
                                                           Los Angeles, CA 90071-2305

                                                           Attorneys for Defendant,
                                                           DANIEL FOLGER

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL HISTORY

On February 18, 2025, Plaintiff META PLATFORMS, INC. ("Meta) filed its Complaint [ECF No. 1] against Folger, which alleges: 1) breach of contract; and 2) violation of the Computer Data Access and Fraud Act ("CDAFA"), California Penal Code § 502. The gravamen of the Complaint is that "Folger sold Instagram usernames and unauthorized Instagram account reinstatement services" with the intent "to circumvent enforcement actions taken by Meta in response to users who violate the Instagram Terms of Use…[and] Instagram's Community Guidelines." *Id*. at ¶ 1. Meta alleges diversity jurisdiction "pursuant to 28 U.S.C. § 1332 because complete diversity between Meta and Defendant exists and because the amount in controversy exceeds $75,000." *Id*. at ¶ 6.

## II. STATEMENT OF FACTS

1. On March 28, 2023, Meta sent a cease-and-desist letter to Folger, stating that it had gathered unspecified *evidence* that Folger was "promoting and facilitating unauthorized account support services such as reenabling access to disabled Instagram accounts…as well as offering to sell and selling Instagram usernames for a profit." *See* Complaint at Ex. A; and Cristalli Declaration at ¶ 3.

2. On March 29, 2023, counsel for Folger sent a response to Meta's counsel, denying the allegations made in the cease-and-desist letter and requesting the opportunity to review the *evidence* alluded to in the letter, with the goal of working towards a mutually acceptable resolution of the issue. *See* **Exhibit A**; and Cristalli Declaration at ¶ 4.

3. Counsel for Meta did not respond to the March 29 letter from Folger's counsel and did not attempt to communicate with Folger's counsel regarding a potential pre-litigation resolution. *See* Cristalli Declaration at ¶ 5.

## III. LEGAL ARGUMENT

### A. Legal Standard for Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions **where the matter in controversy exceeds the sum or value of $75,000**, exclusive

of interest and costs, and is between-- (1) citizens of different States…" (emphasis added). The determination of the value of the matter in controversy for purposes of federal jurisdiction is a federal question to be decided under federal standards, although federal courts must look to state law to determine the nature and extent of the right to be enforced in a diversity case. *Horton v. Liberty Mut. Ins. Co.* (1961) 367 U.S. 348, 352-353 [81 S.Ct. 1570, 1573, 6 L.Ed.2d 890] (citation omitted). The *amount in controversy*, for purpose of establishing diversity jurisdiction, includes any result of the litigation, <u>excluding interests and costs</u>, that entails a payment by the defendant, including compensatory damages, punitive damages, the cost of complying with an injunction, and attorney fees awarded under fee shifting statutes. *Gonzales v. CarMax Auto Superstores, LLC* (9th Cir. 2016) 840 F.3d 644, 648-49 (citations omitted). Where the plaintiff originally files in federal court, "the amount in controversy is determined from the face of the pleadings." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka* (9th Cir. 2010) 599 F.3d 1102, 1106 *quoting Crum v. Circus Circus Enterprises* (9th Cir. 2000) 231 F.3d 1129, 1131.

**B.     The Court Lacks Diversity Jurisdiction Given the Amount in Controversy.**

While Meta (Delaware and California) and Folger (Nevada) are citizens of different states, the amount in controversy does not exceed $75,000. While the Complaint vaguely references compensatory damages, statutory damages, punitive damages, an injunction, and reasonable attorney's fees, Meta does not specify any amount(s) associated with such relief. Folger addresses each of these items of relief in turn *infra*.

*1.     Compensatory Damages*

As to its contract claim, Meta alleges "Defendant's breaches have caused Meta to incur damages, including damages attributable to the efforts and **resources it used to investigate and remediate Defendant's conduct**, in an amount to be proven at trial." *See* Complaint at ¶ 53 (emphasis added). As to its statutory claim, Meta requests the same damages for "the expenditure of **resources to investigate and remediate Defendant's conduct**." *See* Complaint at ¶ 61 (emphasis added). However, California adheres to the single satisfaction rule, whereby a plaintiff is entitled to no more than a single recovery for each distinct item of compensable damages supported by the evidence, regardless of the nature and number of legal theories advanced by the

plaintiff; double or duplicative recovery for the same items of damage amounts to prohibited overcompensation. *Nada Pacific Corp. v. Power Eng'g and Mfg., Ltd.* (N.D. Cal. 2014) 73 F.Supp.3d 1206, 1218 *citing Tavaglione v. Billings* (1993) 4 Cal.4th 1150, 1158–1159 [17 Cal.Rptr.2d 608, 614, 847 P.2d 574, 580], *as modified (Apr. 28, 1993)* (additional citation omitted). Thus, Meta is only entitled to a single recovery for its alleged compensatory damages, despite requesting it under both claims for relief. By extension, the Court can only consider compensatory damages once in calculating the actual amount in controversy.

### 2. Punitive Damages

Meta only references punitive damages in its prayer for relief. *See* Complaint at 15:7. In California, a complaint must include specific factual allegations showing that defendant's conduct was oppressive[1], fraudulent[2], or malicious[3] to support a claim for punitive damages. *Today's IV, Inc. v. Los Angeles County Metropolitan Transportation Authority* (2022) 83 Cal.App.5th 1137 [300 Cal.Rptr.3d 61] (citation omitted). In other words, "[p]unitive damages may <u>not</u> be pleaded <u>generally</u>." *Id*. (emphasis added). While the relaxed federal pleading standards apply in a diversity action, a plaintiff must still include a short and plain prayer for punitive damages that avers malice or fraudulent intent, even if in an unsupported and conclusory fashion. *Rees v. PNC Bank, N.A.* (N.D. Cal. 2015) 308 F.R.D. 266, 273.

Here, Meta does not allege that Folger acted with the requisite oppression, fraud, or malice which would support a potential punitive damages award. *See* Complaint, *generally*. Under California law, punitive damages are never available solely for a breach of contract claim, even where the breach is intentional, willful, or in bad faith. *Alberts v. Liberty Life Assurance Company of Boston* (N.D. Cal. 2014) 65 F.Supp.3d 790, 795. Under the CDAFA, punitive damages are available "where it is proved by clear and convincing evidence that a defendant has been guilty of oppression, fraud, or malice as defined in subdivision (c) of Section 3294 of the Civil Code."

---

[1] *Oppression* "means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Cal. Civ. Code, § 3294(c)(2).

[2] *Fraud* "means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." Cal. Civ. Code, § 3294(c)(3).

[3] *Malice* "means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code, § 3294(c)(1).

California Penal Code § 502(e)(4). However, Meta does not reference this subsection in its Complaint and again, does not allege oppression, fraud, or malice, even in a general fashion. Meta also does not provide an estimate of the punitive damages it alleges. Thus, the Court should not consider punitive damages in calculating the actual amount in controversy.

    3. *Statutory Damages*

Meta alleges a violation of California Penal Code § 502. A party bringing a civil action under Section 502(e) may only request compensatory damages, injunctive relief (or other equitable relief), reasonable attorney's fees, and punitive or exemplary damages. § 502(e)(1), (2), (4). There are no other damages or civil penalties available. In short, there are no separate *statutory damages* available to Meta. Thus, the Court cannot consider statutory damages in calculating the actual amount in controversy.

    4. *Injunctive Relief*

Meta also requests injunctive relief. *See* Complaint at ¶¶ 3, 54, 61, and 14:2-15:5. Under *either viewpoint rule*, the test for determining the amount in controversy for purposes of diversity jurisdiction is the pecuniary result to either party which the judgment would directly produce; in other words, when the value of plaintiff's potential recovery is below the jurisdictional amount, but the potential cost to defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes. *In re Ford Motor Co./Citibank (South Dakota), N.A.* (9th Cir. 2001) 264 F.3d 952, 958. "A request for injunctive relief by itself, however, does not state a cause of action and is properly brought before the court as a separate motion." *Fortaleza v. PNC Financial Services Group, Inc.* (N.D. Cal. 2009) 642 F.Supp.2d 1012, 1028 (citation omitted). Moreover, even if a court construes a request for injunctive relief as derivative of all other alleged causes of action, a plaintiff will still bear the burden of showing: 1) a likelihood of success on the merits; 2) the likelihood of irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in favor of an injunction; and 4) that an injunction is in the public interest. *Id*.

Here, Meta has not filed a motion for injunctive relief. *See* Civil Docket for Case #: 3:25-cv-01672-LB. Nor has Meta sufficiently plead injunctive relief, alleging only that it "has suffered

irreparable harm for which there is no adequate remedy at law." *See* Complaint at ¶ 54. There are no allegations as to Meta's likelihood of success, the balance of equities, or the public interest. *Id.*, *generally*. Thus, the Court should not consider any cost to Folger associated with injunctive relief in calculating the actual amount in controversy.

### 5. Attorney Fees

"When an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Surber v. Reliance Nat. Indem. Co.* (N.D. Cal. 2000) 110 F.Supp.2d 1227, 1232 quoting *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1156. Meta requests attorney's fees pursuant to California Penal Code § 502(e)(2) ("In any action brought pursuant to this subdivision the court may award reasonable attorney's fees."). *See* Complaint at ¶ 61. However, as with its damages, Meta provides no evidence whatsoever to establish the approximate amount of its attorney's fees in this case. Without an estimate of the amount of time that the case will require or the hourly billing rate for Meta's counsel, Bonnie MacNaughton, Esq., Folger is left guessing as to the amount of a potential attorney fee award. As it stands, Meta's counsel has prepared a three-page cease and desist letter (*see* Complaint at Ex. A) and the 15-page Complaint (including four pictures). The Court should note that Meta's work product in the instant action is largely duplicative of the cease-and-desist letter and complaint it filed, also on February 18, 2025, in *Meta Platforms, Inc. v. Idriss Qibaa, et al.*, Northern District of California Case No. 3:25-cv-01678 ("Qibaa Action"). Attached hereto as **Exhibit B** is a true and correct copy of the Complaint in the Qibaa Action[4] (and the underlying cease-and-desist letter is Exhibit D thereto).

Furthermore, any amount Meta claims for attorney fees related to litigation are not reasonable given that Meta's counsel ignored the request from Folger's counsel to review the evidence it purportedly gathered and explore a potential mutually acceptable resolution. *See* Ex. A hereto. A party cannot litigate merely for the sake of litigating and pass its attorney fees unnecessarily incurred onto the opposing party.

---

[4] A court may take judicial notice of the existence of the filing of pleadings in related proceedings. *GemCap Lending, LLC v. Quarles & Brady, LLP* (C.D. Cal. 2017) 269 F.Supp.3d 1007, 1019, *aff'd sub nom. GemCap Lending I, LLC v. Quarles & Brady, LLP* (9th Cir. 2019) 787 Fed.Appx. 369 (citation omitted).

## IV. CONCLUSION

Based on the foregoing, the Court should dismiss the Complaint. Because amendment would be futile as to the amount in controversy, Folger respectfully requests that dismissal be with prejudice. Alternatively, Folger requests an evidentiary hearing to flesh out the vague, duplicative, and unspecified damages and other relief Meta requests.

DATED this 7th day of April 2025.

**CLARK HILL LLP**

By /s/ Tiffany B. Hunter
TIFFANY B. HUNTER, ESQ.
CA State Bar No. 306382
555 S. Flower St., Ste. 2400
Los Angeles, CA 90071-2305

Attorneys for Defendant,
DANIEL FOLGER

## [PROPOSED] ORDER

The Motion to Dismiss Complaint is hereby approved and so ORDERED.

Date: _____      _____
UNITED STATES MAGISTRATE JUDGE

# DECLARATION OF MICHAEL V. CRISTALLI, ESQ.

I, MICHAEL V. CRISTALLI, ESQ., do hereby declare:

1. I am an attorney with Clark Hill and am licensed to practice law in the State of Nevada; my Application for Admission of Attorney Pro Hac Vice is pending.

2. I am counsel for Defendant DANIEL FOLGER ("Folger") in the above-referenced matter, and in that capacity, I have personal knowledge of the facts set forth herein.

3. On March 28, 2023, Meta sent a cease-and-desist letter to Folger, stating that it had gathered unspecified *evidence* that Folger was "promoting and facilitating unauthorized account support services such as reenabling access to disabled Instagram accounts…as well as offering to sell and selling Instagram usernames for a profit." *See* Complaint at Ex. A.

4. On March 29, 2023, I sent a response to Meta's counsel, denying the allegations made in the cease-and-desist letter and requesting the opportunity to review the *evidence* alluded to in letter, with the goal of working towards a mutually acceptable resolution of the issue. A true and correct copy of my March 29 letter is attached hereto as **Exhibit A**.

5. I did not receive a response to my March 29 letter and Meta's Counsel did not otherwise attempt to communicate with me regarding a potential pre-litigation resolution.

6. This Declaration is made in support of the Motion to Dismiss Complaint and pursuant to L.R. 7-2(d) and L.R. 7-5.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed on this 7th day of April 2025.

/s/ Michael V. Cristalli
Michael V. Cristalli, Esq.

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5 and LR 5-1, I hereby certify that I am an employee of Clark Hill LLP, and that on the 7th day of April 2025, I caused to be served a true and correct copy of the foregoing **MOTION TO DISMISS COMPLAINT** in the following manner:

The Court's Electronic Filing System to all parties on the current service list.

/s/ Jocelyn Gutierrez
An Employee of CLARK HILL LLP