| | |
|---|---|
| 1 | MICHAEL V. CRISTALLI, ESQ.<br>Nevada Bar No. 6266 (*Pro Hac Vice*) |
| 2 | WILLIAM D. SCHULLER, ESQ.<br>Nevada Bar No. 11271 (*Pro Hac Vice*) |
| 3 | TIFFANY B. HUNTER, ESQ.<br>CA State Bar No. 306382 |
| 4 | **CLARK HILL LLP**<br>555 S. Flower St., Ste. 2400 |
| 5 | Los Angeles, CA 90071-2305<br>Telephone: (213) 417-5313 |
| 6 | Facsimile: (213) 488-1178<br>Email: thunter@clarkhill.com |

Attorneys for Defendant,
DANIEL FOLGER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

\* \* \*

| | |
|---|---|
| META PLATFORMS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL FOLGER,<br><br>Defendant. | CASE NO. 3:25-cv-01672-LB<br><br>**ANSWER TO COMPLAINT**<br><br>**Complaint Filed: February 18, 2025** |

Defendant DANIEL FOLGER ("Folger"), by and through his undersigned attorneys at Clark Hill LLP, hereby answers the Complaint [ECF No. 1] of Plaintiff META PLATFORMS, INC. ("Plaintiff") as follows:

## I. INTRODUCTION

1. Folger denies the allegations of Paragraph 1 of the Complaint.
2. Folger denies the allegations of Paragraph 2 of the Complaint.
3. Folger denies the allegations of Paragraph 3 of the Complaint.

///
///

## II. PARTIES

4. Answering Paragraph 4 of the Complaint, Folger has insufficient knowledge or information upon which to form a belief as to the truth of those allegations, and therefore, denies same.

5. Answering Paragraph 5 of the Complaint, Folger admits that he is a resident of Henderson, Nevada and denies the remaining allegations.

## III. JURISDICTION AND VENUE

6. Answering Paragraph 6 of the Complaint, Folger states that this paragraph contains legal conclusions that do not require a response.

7. Answering Paragraph 7 of the Complaint, Folger states that this paragraph contains legal conclusions that do not require a response.

8. Folger denies the allegations of Paragraph 8 of the Complaint.

9. Folger denies the allegations of Paragraph 9 of the Complaint.

10. Answering Paragraph 10 of the Complaint, Folger states that this paragraph contains legal conclusions that do not require a response.

## IV. FACTUAL ALLEGATIONS

11. Answering Paragraph 11 of the Complaint, Folger has insufficient knowledge or information upon which to form a belief as to the truth of those allegations, and therefore, denies same.

12. Answering Paragraph 12 of the Complaint, Folger has insufficient knowledge or information upon which to form a belief as to the truth of those allegations, and therefore, denies same.

13. Answering Paragraph 13 of the Complaint, Folger has insufficient knowledge or information upon which to form a belief as to the truth of those allegations, and therefore, denies same.

14. Answering Paragraph 14 of the Complaint, Folger has insufficient knowledge or information upon which to form a belief as to the truth of those allegations, and therefore, denies same.

1     15.     Answering Paragraph 15 of the Complaint, Folger states that the Terms speak for
2 themselves.
3     16.     Answering Paragraph 16 of the Complaint, Folger states that the Terms speak for
4 themselves.
5     17.     Answering Paragraph 17 of the Complaint, Folger states that the Terms speak for
6 themselves.
7     18.     Answering Paragraph 18 of the Complaint, Folger states that the Terms speak for
8 themselves.
9     19.     Answering Paragraph 19 of the Complaint, Folger states that the Terms speak for
10 themselves.
11     20.     Answering Paragraph 20 of the Complaint, as Plaintiff has disabled his Instagram
12 account, Folger has insufficient knowledge or information upon which to form a belief as to the
13 truth of those allegations, and therefore, denies same.
14     21.     Answering Paragraph 21 of the Complaint, as Plaintiff has disabled his Instagram
15 account, Folger has insufficient knowledge or information upon which to form a belief as to the
16 truth of those allegations, and therefore, denies same.
17     22.     Answering Paragraph 22 of the Complaint, as Plaintiff has disabled his Instagram
18 account, Folger has insufficient knowledge or information upon which to form a belief as to the
19 truth of those allegations, and therefore, denies same.
20     23.     Answering Paragraph 23 of the Complaint, as Plaintiff has disabled his Instagram
21 account, Folger has insufficient knowledge or information upon which to form a belief as to the
22 truth of those allegations, and therefore, denies same.
23     24.     Answering Paragraph 24 of the Complaint, as Plaintiff has disabled his Instagram
24 account, Folger has insufficient knowledge or information upon which to form a belief as to the
25 truth of those allegations, and therefore, denies same.
26     25.     Answering Paragraph 25 of the Complaint, Folger has insufficient knowledge or
27 information upon which to form a belief as to the truth of those allegations, and therefore, denies
28 same.

26. Answering Paragraph 26 of the Complaint, Folger states that the Terms speak for themselves and has insufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations, and therefore, denies same.

27. Answering Paragraph 27 of the Complaint, Folger states that the Terms speak for themselves and has insufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations, and therefore, denies same.

28. Answering Paragraph 28 of the Complaint, Folger states that the Terms speak for themselves and has insufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations, and therefore, denies same.

29. Folger denies the allegations of Paragraph 29 of the Complaint.

30. Answering Paragraph 30 of the Complaint, as Plaintiff has disabled his Instagram account, Folger has insufficient knowledge or information upon which to form a belief as to the truth of those allegations, and therefore, denies same.

31. Answering Paragraph 31 of the Complaint, as Plaintiff has disabled his Instagram account, Folger has insufficient knowledge or information upon which to form a belief as to the truth of those allegations, and therefore, denies same.

32. Answering Paragraph 32 of the Complaint, as Plaintiff has disabled his Instagram account, Folger has insufficient knowledge or information upon which to form a belief as to the truth of those allegations, and therefore, denies same.

33. Answering Paragraph 33 of the Complaint, Folger has insufficient knowledge or information upon which to form a belief as to the truth of those allegations, and therefore, denies same.

34. Answering Paragraph 34 of the Complaint, Folger has insufficient knowledge or information upon which to form a belief as to the truth of those allegations, and therefore, denies same.

35. Folger denies the allegations of Paragraph 35 of the Complaint.

36. Folger denies the allegations of Paragraph 36 of the Complaint.

///

37. Answering Paragraph 37 of the Complaint, as Plaintiff has disabled his Instagram account, Folger has insufficient knowledge or information upon which to form a belief as to the truth of those allegations, and therefore, denies same.

38. Answering Paragraph 38 of the Complaint, as Plaintiff has disabled his Instagram account, Folger has insufficient knowledge or information upon which to form a belief as to the truth of those allegations, and therefore, denies same.

39. Answering Paragraph 39 of the Complaint, Folger denies the allegations as to Folger and has insufficient knowledge or information upon which to form a belief as to the truth the remaining allegations, and therefore, denies same.

40. Answering Paragraph 40 of the Complaint, Folger states that the cease-and-desist letter speaks for itself and has insufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations, and therefore, denies same.

41. Answering Paragraph 41 of the Complaint, Folger states that the cease-and-desist letter speaks for itself.

42. Answering Paragraph 42 of the Complaint, Folger denies the allegations as to Folger and has insufficient knowledge or information upon which to form a belief as to the truth the remaining allegations, and therefore, denies same.

43. Answering Paragraph 43 of the Complaint, Folger denies the allegations as to Folger and has insufficient knowledge or information upon which to form a belief as to the truth the remaining allegations, and therefore, denies same.

44. Answering Paragraph 44 of the Complaint, Folger denies the allegations as to Folger and has insufficient knowledge or information upon which to form a belief as to the truth the remaining allegations, and therefore, denies same.

45. Answering Paragraph 45 of the Complaint, Folger denies the allegations as to Folger and has insufficient knowledge or information upon which to form a belief as to the truth the remaining allegations, and therefore, denies same.

///

///

46. Answering Paragraph 46 of the Complaint, Folger has insufficient knowledge or information upon which to form a belief as to the truth of those allegations, and therefore, denies same.

**FIRST CAUSE OF ACTION**

(Breach of Contract)

47. Answering Paragraph 47 of the Complaint, Folger repeats and realleges his answers to all preceding paragraphs as though each were fully set forth herein.

48. Answering Paragraph 48 of the Complaint, Folger states that this paragraph contains legal conclusions that do not require a response.

49. Answering Paragraph 49 of the Complaint, Folger states that this paragraph contains legal conclusions that do not require a response.

50. Answering Paragraph 50 of the Complaint, Folger has insufficient knowledge or information upon which to form a belief as to the truth of those allegations, and therefore, denies same.

51. Answering Paragraph 51 of the Complaint, Folger states that the Terms speak for themselves and denies the remaining allegations.

52. Answering Paragraph 52 of the Complaint, Folger states that the Terms speak for themselves and denies the remaining allegations.

53. Folger denies the allegations of Paragraph 53 of the Complaint.

54. Folger denies the allegations of Paragraph 54 of the Complaint.

55. Folger denies the allegations of Paragraph 55 of the Complaint.

**SECOND CAUSE OF ACTION**

(Computer Data Access and Fraud Act, California Penal Code § 502)

56. Answering Paragraph 56 of the Complaint, Folger repeats and realleges his answers to all preceding paragraphs as though each were fully set forth herein.

57. Folger denies the allegations of Paragraph 57 of the Complaint.

58. Folger denies the allegations of Paragraph 58 of the Complaint.

59. Folger denies the allegations of Paragraph 59 of the Complaint.

60. Folger denies the allegations of Paragraph 60 of the Complaint.

61. Folger denies the allegations of Paragraph 61 of the Complaint.

**<u>AFFIRMATIVE DEFENSES</u>**

1. At all material times, Folger acted in good faith and exercised his lawful rights in dealing with Plaintiff.

2. Plaintiff's claims are barred by its own failure to deal in good faith deal fairly with Folger.

3. Plaintiff's injuries and damages, if any, were contributed to or caused by Plaintiff's own acts and negligence or those of a third party, which negligence was greater than Folger's negligence, if any.

4. Folger is statutorily exempt from Plaintiff's claims.

5. Plaintiffs has failed to comply with appropriate federal law.

6. Plaintiff's Complaint, in whole and/or in part, fails to state a claim against Folger upon which relief can be granted.

7. Plaintiff has failed to mitigate its damages, if any.

8. Plaintiff has failed to join a party pursuant to FRCP 19 necessary for just adjudication of the claims at issue in this action.

9. Plaintiff's injuries, if any, were caused by a fellow servant and not Folger.

10. Plaintiff's claims are barred in that it acquiesced in or consented to all of the actions taken by Folger.

11. Any claim of Plaintiff is barred by the laches of Plaintiff in pursuing such claim.

12. Folger is informed, believes, and thereon alleges that if any contract, guarantee, obligation, or amendment, as alleged in Plaintiff's Complaint on file herein, has been entered into, any duty of performance of Folger is excused by reason of failure of consideration.

13. Plaintiff has not and will not sustain any injury or damages as a result of Folger's alleged acts and/or omissions.

14. There is no privity of contract between Plaintiff and Folger and therefore, Plaintiff is barred from recovery under the contract.

15. Plaintiff's claims are barred due to the lack of jurisdiction or venue.

16. Plaintiff's claim is barred by reason of lapse of time.

17. Plaintiff's alleged damages, if any, were directly caused by the negligence and/or wrongful conduct of Plaintiff or its agents.

18. Folger was authorized and privileged to do all acts alleged in Plaintiff's Complaint.

19. Plaintiff is barred from maintaining this action by virtue of its own unclean hands and inequitable conduct.

20. Plaintiff's claims are barred by its failure to deal fairly with Folger.

21. By virtue of the acts, deeds, conduct, and/or failure or omission to act under the circumstances, Plaintiff has waived its rights, if any existed, to assert the claims against Folger.

22. Folger hereby incorporates by reference those affirmative defenses enumerated in FRCP 8(c) as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Folger reserves the right to seek leave of court to amend his Answer to specifically assert any such defenses.

WHEREFORE, Folger prays for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint on file;

2. That Plaintiff's Complaint be dismissed with prejudice;

3. For reasonable attorney's fees and costs incurred in defending this litigation; and

4. For such other and further relief as this Court may deem just and proper.

DATED this 12th day of May 2025.

**CLARK HILL LLP**

By /s/ William D. Schuller, Esq.
MICHAEL V. CRISTALLI, ESQ.
Nevada Bar No. 6266 (*Pro Hac Vice*)
WILLIAM D. SCHULLER, ESQ.
Nevada Bar No. 11271 (*Pro Hac Vice*)
TIFFANY B. HUNTER, ESQ.
CA State Bar No. 306382
555 S. Flower St., Ste. 2400
Los Angeles, CA 90071-2305

Attorneys for Defendant,
DANIEL FOLGER

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5 and LR 5-1, I hereby certify that I am an employee of Clark Hill LLP, and that on the 12th day of May 2025, I caused to be served a true and correct copy of the foregoing **ANSWER TO COMPLAINT** in the following manner:

The Court's Electronic Filing System to all parties on the current service list.

*/s/ Lila Saiz-Goode*
An Employee of CLARK HILL LLP